JAS. L. MARTIN v. ELZY MORGAN'S ADMR.

**Pleadings—Cross-petition—Failure to Answer—Admission.**
    The failure to deny the allegations in a cross-petition must be regarded as an admission of the indebtedness as therein charged.

**Appeals—Incomplete Transcript—Clerk's Certificate.**
    The certificate of a clerk, more minute than necessary, but it cannot be inferred therefrom that any portion of the record is omitted. If there is a diminution of the record, appellee must have supplied it by the proper writ.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

January 7, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

In Martin's answer to Morgan's cross-petition he alleges that by a contract with Morgan, and in consideration of payments made by him to the latter in the manner therein set forth, he, Morgan, agreed, and bound himself, to pay and satisfy the balance due to Alexander, and Alexander & Owsley the assignees of Martin's vendor and holders of his notes for the unpaid price of the land. executed to his vendor, and that he agreed and obligated himself to pay the amount which Morgan might be compelled to pay the Millers, the remote vendors of the land, for unpaid purchase money due them, and for which they had an equitable lien on the land, and insists that he is entitled to a judgment against Mrogan, or his personal representative, for whatever he may have to pay said assignees of his vendor, if Morgan fails to pay them, less the sum he may have paid, or may be compelled to pay the Millers to remove their lien. Which answer he makes a cross petition against Morgan, and pleads the payments made to him as a set-off against the claims of Morgan against him.

This cross petition was not answered, and on final hearing judgment was rendered in favor of the personal representative of E. Morgan for $610.45 with interest at the rate of 6 per cent. from the 26th of October, 1865, till paid, that being the amount

(as stated in the judgment) raised out of the land to pay Miller's debt, and Martin's counter-claim was dismissed.

After crediting the debts of Alexander, and Alexander & Owsley by the amount the land sold for, a balance of $416.85-100 remained due to Owsley, and Alexander, with interest from the 14th of January, 1867, and $517.53-100 with interest from the period last named due to J. B. Alexander, or his assignee, and for these two sums judgment was rendered against appellant. And this appeal questions the propriety of the judgment dismissing appellant's counter-claim, and adjudging him to pay the two sums above specified.

If the allegations of the cross-petition of appellant be true, it is very clear that he, while he may be responsible for the unpaid balances due to Alexander & Owsley, and to Alexander, certainly should not be compelled to pay those two sums, and the $610.45-100 to Morgan's representative. In his cross-petition and counter-claim, he specifically avers that Morgan by the terms of their settlement and his agreement was to pay Alexander, and Owsley & Alexander, but he was to refund the sum he might be compelled to pay the Millers. These allegations are not denied; and, besides, quite a number of witnesses whose depositions were taken prove that E. Morgan in his lifetime told them that he and appellant had settled their matters, and that appellant had paid him all he owed. But independent of any evidence, the failure of appellant and his intestate to deny the allegations of the cross-petition of appellant must be regarded as an admission of the indebtedness as therein charged. And is was therefore erroneous to render judgment against him for the $610.45-100 with the accruing interest; but the proper judgment as between appellant and Morgan's representative would be to credit the latter with the $610.45-100 with the accrued interest paid to the Millers, and render judgment in favor of appellant for the balance of the two sums adjudged against him in favor of Alexander, and Alexander & Owsley, against Morgan's personal representative, to be levied of assets, etc.

It is insisted by appellee's counsel that the certificate of the clerk does not show that the transcript before us is a true and complete transcript of the whole proceedings and history of the case.

The certificate of the clerk is more minute than necessary, but it cannot be inferred therefrom that any portion of the record is

omitted in the transcript presented to this court. And besides, if that be the fact, and there is a dominution of the record, appellee could have supplied it by the proper writ.

For the reasons stated, the judgment must be reversed, and the cause remanded, with directions to render judgment in conformity to the directions herein given. But if it should appear on the return of the cause that appellee Morgan had filed an answer to appellant's counter-claim before final trial controverting the allegations thereof, he should be allowed reasonable time to take proof and make such other preparations as may seem reasonable and proper. And appellant will recover his costs in this court against R. Morgan, admr. of E. Morgan, dec'd, to be levied of assets, etc.

*James, for appellant.*

*Lindsey, for appellee.*